Claire J. LEE, Plaintiff,

v.

BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES—BURLINGTON NORTHERN SYSTEM FEDERATION; Bruce G. Glover; Office & Professional Employees International, Local 12; John A. Swadner; Gordon–Miller–O'Brien; and Richard A. Miller, Defendants.

Civ. No. 4–91–240.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 24, 1991.

Claire J. Lee, pro se.

Richard A. Williams, Jr., Hvass, Weisman & King, Minneapolis, Minn., for defendants Brotherhood of Maintenance of Way Employees and Bruce G. Glover.

Paul C. Peterson, Lommen, Nelson, Cole & Stageberg, Minneapolis, Minn., for defendants Gordon–Miller–O'Brien and Richard A. Miller.

### MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiff's motion for default judgment, defendants Glover and Brotherhood of Maintenance of Way Employees' motion to quash service of process and dismiss, and defendants Office & Professional Employees International and Swadner's motion to dismiss. All motions will be denied.

FACTS

Plaintiff, who appears pro se, was hired as a stenographer by defendant Brotherhood of Maintenance of Way Employees— Burlington Northern System Federation

(BMWE) in March 1986, and became a member of defendant Office & Professional Employees International Union, Local 12 (OPEIU) in September 1986. On December 8, 1989, BMWE terminated plaintiff's employment. Plaintiff alleges that the termination was in violation of a collective bargaining agreement then in force between BMWE and OPEIU, and that BMWE terminated her employment because she had filed numerous grievances and had initiated a lawsuit against BMWE for wrongful suspension.

Plaintiff's claim of wrongful termination was submitted to arbitration and her discharge was affirmed. Plaintiff then commenced this action against BMWE and its general chairman (defendant Glover); OPEIU and its former business manager (defendant Swadner); the arbitrator (defendant Flagler); the attorney who represented her at the arbitration (defendant Miller); and his law firm (defendant Gordon–Miller–O'Brien).[1]

Plaintiff claims that in terminating her employment, BMWE breached the collective bargaining agreement and retaliated against her in violation of the National Labor Relations Act. She claims that OPEIU breached its duty of fair representation by appointing Miller as her advocate, even though Miller was representing OPEIU in another lawsuit[2] that plaintiff had brought against the union. Finally, plaintiff claims that all the defendants acted in collusion to deny her a fair arbitration.

Plaintiff moves for default judgment against BMWE, Glover, OPEIU and Swadner. BMWE, Glover, OPEIU and Swadner defend on the ground that they were not properly served, and BMWE and Glover move to quash service. BMWE, Glover, OPEIU and Swadner move to dismiss the complaint for failure to prosecute.

## I. *Service of Process*

■ Plaintiff's motion for default against defendants BMWE, Glover, OPEIU and Swadner is based on her assertion that defendants BMWE and Glover responded to the complaint after the twenty days allowed them by Federal Rule of Civil Procedure 12(a), and that defendants OPEIU and Swadner have failed to respond at all. In defense against the default motion, all four defendants have raised the issue of ineffective service, defendants BMWE and Glover in their motion to quash service, and defendants OPEIU and Swadner in their memorandum in response to plaintiff's default motion.

The facts of service in this case are as follows. On March 29, 1991, plaintiff filed her original complaint and obtained leave to proceed in forma pauperis under 28 U.S.C. § 1915. On July 16, 1991, plaintiff filed her amended complaint and requested that the United States Marshal's Service serve the defendants, as she was entitled to do under Federal Rule of Civil Procedure 4(c)(2)(B)(i). The marshal's office served all four defendants by sending them Form 299 (Notice and Acknowledgement of Receipt of Summons and Complaint by Mail). The marshal's office also served the defendants by certified mail.[3]

None of these defendants returned the acknowledgement form. However, defendants were served by certified mail on July 18, 1991, as is evidenced by the delivery receipts and the marshal's office's process receipt and return forms, which are in the court file. Once service by certified mail was effected, the marshal's office sent plaintiff copies of the receipt and return forms for each defendant. Plaintiff's

---

**1.** The claims against defendants Flagler, Miller and Gordon–Miller–O'Brien were dismissed by the parties' stipulation.

**2.** Prior to her discharge, plaintiff was suspended. She brought a lawsuit against OPEIU challenging that suspension, and Miller, as the union's attorney, represented OPEIU in that suit. The suspension lawsuit was settled, and plaintiff's suspension claims are not before the Court.

**3.** It is not clear from the Court file whether the marshal's office sent defendants Form 299 by certified mail, or whether it sent Form 299 by regular mail and also sent additional copies of the summons and complaint by certified mail. In any event, the file clearly indicates that defendants were served by certified mail.

Mem. in Opp. to Mot. to Quash, Aff. of Claire J. Lee and Ex. 2. These forms are signed by a marshal's service official who states on the form that she had evidence of legal service on July 18, 1991.[4]

In attacking the sufficiency of service in this case, the defendants rely on *Gulley v. Mayo Foundation*, 886 F.2d 161 (8th Cir. 1989), in which the United States Court of Appeals for the Eighth Circuit held that a defendant's failure to acknowledge receipt by mail vitiates mail service under Rule 4(c)(2)(C)(ii). Rule 4(c)(2)(C)(ii) provides that service may be made by mailing a copy of the summons and complaint, together with a notice and acknowledgement form. The rule provides that if the acknowledgement form is not returned within twenty days, service must be made in another way. Defendants argue that because they did not return the acknowledgement forms, plaintiff was obliged to serve them personally. She did not do so,[5] and they therefore maintain that service was ineffective under *Gulley.*

Defendants' reliance on *Gulley*, however, is misplaced. In *Gulley*, the court addressed the requirements for service by mail under Rule 4(c)(2)(C)(ii) and concluded that the provisions of that subsection required strict compliance. In this case, however, service was made not pursuant to Rule 4(c)(2)(C)(ii), but pursuant to Rule 4(c)(2)(B)(i) which provides for service by the United States Marshal where persons proceeding in forma pauperis request such service.

While the Eighth Circuit has not addressed the issue, several other circuits have held that where the marshal serves process under Rule 4(c)(2)(B)(i), persons proceeding in forma pauperis are entitled to rely on the service.[6] For example, the United States Court of Appeals for the Second Circuit has held that "a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987). *See also Romandette v. Weetabix Co.*, 807 F.2d 309 (2d Cir.1986); *Paulk v. Dept. of Air Force*, 830 F.2d 79 (7th Cir.1987); *Welch v. Folsom*, 925 F.2d 666 (3d Cir. 1991). In adopting this rule, the *Rochon* court reasoned that justice would not be served by penalizing a plaintiff for relying on the marshal's actions, especially where the defendant was not prejudiced. *Rochon*, 828 F.2d at 1109 (*citing Romandette*, 807 F.2d at 311).

Applying its rule to the facts before it, the *Rochon* court found that the plaintiff was not entitled to rely on the marshal's service. The *Rochon* plaintiff was a prisoner proceeding in forma pauperis to obtain medical records from a doctor and a hospital. The marshal properly served the hospital, but not the doctor. In an order granting the hospital's motion for a more definite statement, the district court had noted that the doctor had never been served. After the court granted summary

---

**4.** Concerned by the failure of defendants BMWE, Glover, OPEIU and Swadner to return their acknowledgement forms, plaintiff also attempted to personally serve defendants BMWE and Glover by delivering copies of the summons and complaint to BMWE's place of business. Defendants BMWE and Glover attack this attempt as insufficient on the grounds that the person to whom delivery was made was not authorized to accept service of process. Because the Court concludes that plaintiff was entitled to rely on the marshal's service by certified mail, it need not address whether the personal service was effective.

**5.** As noted in footnote 4, plaintiff did attempt to personally serve defendants BMWE and Glover; they argue that her attempts were ineffective.

It is undisputed that plaintiff did not attempt to personally serve defendants OPEIU and Swadner.

**6.** Plaintiff argues that the marshal's use of certified mail constituted proper service under *Florey v. Air Line Pilots Association International*, 439 F.Supp. 165 (D.Minn.1977), *aff'd*, 575 F.2d 673 (8th Cir.1978). At oral argument, defendants argued that *Florey* does not apply to this case because Rule 4 has been amended since *Florey* was decided in 1977. However, the Court need not decide whether the marshal properly served defendants in this case, because the Court concludes that plaintiff was entitled to rely on the marshal's service, regardless of whether the service was properly made.

judgment for the hospital, the clerk dismissed the suit against the doctor for lack of prosecution. The prisoner appealed the dismissal only. In upholding the dismissal, the Second Circuit found that the plaintiff was not entitled to rely on service by the marshal, because, despite the district court's indication that the doctor had not been properly served, the plaintiff did not request the marshal to attempt service again. Thus, the failure of service resulted because the plaintiff was dilatory.

The Court concludes that plaintiff Lee, unlike the plaintiff in *Rochon,* is entitled to rely on the marshal's service of process. The *Rochon* plaintiff was specifically told that service had been ineffective; in contrast, the marshal's office assured plaintiff Lee, through the process receipt and return forms, that the defendants had been properly served. Moreover, there is no indication that defendants were in any way prejudiced by certified mail service. All four defendants have submitted affidavits stating that they received copies of the summons and complaint by mail. Thus, the Court holds that service was sufficient.

## II. *Defendants' Motions to Dismiss*

Defendants BMWE, Glover, OPEIU and Swadner move to dismiss plaintiff's complaint for failure to prosecute under Rule 4(j) on the ground that the complaint was not served within 120 days of its filing. Defendants' motions rest on their assertion that the marshal's attempt to serve process was ineffective. Because the Court holds that service was sufficient under the circumstances of this case, defendants' motions to dismiss will be denied.

## III. *Plaintiff's Motion for Default*

Federal Rule of Civil Procedure 55 provides that default may be entered when a party fails to plead or otherwise defend an action. Plaintiff argues that because defendants BMWE, Glover, OPEIU and Swadner failed to answer or challenge sufficiency of service within twenty days after her complaint was served, they are in default and judgment should be entered for her under Rule 55(b). In response, defen-

dants correctly assert that challenging sufficiency of service is a method of defending that satisfies the defendants' obligation to respond to a pleading (*see* 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure,* § 2682 at 409–10 (2d ed. 1983)). They argue that because they defended against plaintiff's complaint by challenging sufficiency of service, they cannot be held to be in default.

As an initial matter, the Court notes that an entry of default is a prerequisite to a default judgment under Rule 55(b), and that no entry of default has been made in this case. Thus, even if the defendants were in default, plaintiff would not be entitled to a default judgment. Moreover, plaintiff is incorrect in her assertion that defendants BMWE and Glover failed to challenge service within twenty days of being served with her complaint. Federal Rule of Civil Procedure 6(a) provides that where the rules call for a time period of more than ten days, weekends are not included in computing the time period. Plaintiff's complaint was served by certified mail on July 18; defendants BMWE and Glover filed their motion to quash service on August 14, nineteen days after the complaint was served, as calculated under Rule 6(a). Therefore, an entry of default against defendants BMWE and Glover would clearly be in error.

The question of whether plaintiff would be entitled to an entry of default against defendants OPEIU and Swadner is more difficult. Unlike defendants BMWE and Glover, defendants OPEIU and Swadner did not challenge service within the twenty days allowed for them to answer; they first responded to plaintiff's claim on October 7 when they filed a memorandum opposing plaintiff's default motion on the grounds of insufficient service. Plaintiff accurately points out that defendants who fail to challenge sufficiency of service within twenty days waive the defense of insufficient service under Rule 12 (*see Totalplan Corp. of America v. Lure Camera, Ltd.,* 613 F.Supp. 451 (D.C.N.Y.1985)); it does not necessarily follow, however, that such defendants are in default under Rule

55(a). The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party. 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2681 at 402–03 (2d ed. 1983).

██ Moreover, even if defendants OPEIU and Swadner's failure to challenge service within twenty days put them technically in default, whether to enter a default is a matter within the Court's discretion. Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits. 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure*, § 2682 at 411 (2d ed. 1983). Because defendants OPEIU and Swadner indicated their desire to contest plaintiff's action by challenging service in their response to her default motion, and because whether they are in default was arguable, the Court concludes that plaintiff is not entitled to an entry of default against them.

Accordingly, based on the foregoing, and upon all the files, records and proceedings herein,

IT IS ORDERED that:

1. defendants BMWE and Glover's motion to quash service and dismiss is denied;

2. defendants OPEIU and Swadner's motion to dismiss is denied; and

3. plaintiff's motion for default judgment is denied.