**UNITED STATES of America, on Behalf of and for the Use of TIME EQUIPMENT RENTAL & SALES, INC., Appellee,**

v.

**Gary L. HARRE, Defendant,**

**Yancey Lamar Anthony, Appellant.**

**No. 92–1596.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1992.

Decided Jan. 11, 1993.

---

Yancey Anthony, pro se.

Verne Thorstenson, Rapid City, S.D., argued, for appellee.

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Yancey Lamar Anthony appeals pro se from a final judgment of the United States District Court for the District of South Dakota granting the United States, on behalf of Time Equipment Rental & Sales, Inc., a default judgment and denying a motion for reconsideration in this Miller Act action. *See* 40 U.S.C. §§ 270a–d. We reverse and remand for further proceedings.

Val–U Construction Company (contractor) contracted with the Rosebud Sioux Tribe to construct a housing complex. The contractor delivered a performance bond, with Anthony as surety, in compliance with 40 U.S.C. § 270a. Time Equipment Rental & Sales, Inc. (Time Equipment) rented a forklift to the contractor, but was not paid.

On September 4, 1991, Time Equipment, in the name of the United States, sued Anthony in his capacity as surety. Anthony was served on September 9, 1991. On October 16, 1991, Time Equipment filed an affidavit of default, attesting that Anthony had not filed a timely answer. On October 18, 1991, Anthony filed his answer, denying the allegations in the complaint, and raising the affirmative defenses of fraud and failure of consideration.

On November 4, 1991, Time Equipment moved to strike the late answer, which Anthony did not oppose. The district court granted the motion to strike on December 2, 1991. On December 5, Time Equipment mailed Anthony notice of the order striking his answer. On December 6, 1991, Time Equipment filed a second affidavit of default against Anthony. That same day, the district court ordered judgment by default, in the sum of $5051, against Anthony. The judgment was entered on the district court docket sheet on December 9, 1991.

On December 18, 1991, Anthony moved to reconsider the order striking his answer and the default judgment, pursuant to Fed. R.Civ.P. 60(b). He argued that he filed his answer before the default was entered, that he had several lawsuits concerning the same subject matter and had erroneously recorded the time for answer, and that he had a meritorious defense to the action. Time Equipment opposed the motion. The district court denied the reconsideration motion on January 31, 1992. The order was entered on February 3, 1992. On February 24, 1992, Anthony filed his notice of appeal, appealing the December 9 default judgment, the December 2 order striking his answer, and the February 3 denial of his reconsideration motion.

On appeal Anthony argues his appeal is timely because the reconsideration motion was filed within ten days of the judgment and tolled the time for filing an appeal. He also argues the district court abused its discretion in granting the default judgment

and denying his motion for reconsideration because (1) there was no showing of willfulness, (2) he was not given proper notice of Time Equipment's motion for entry of default judgment, in violation of Fed. R.Civ.P. 55, and (3) he has a meritorious defense.

We have jurisdiction over this case because Anthony's motion for reconsideration was filed within ten days of the entry of judgment and involved a "reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982); *see,* Fed. R.Civ.P. 59(e); *Steuart v. Suskie*, 867 F.2d 1148, 1150 (8th Cir.1989). The motion was functionally a Rule 59(e) motion, regardless of its label. *See Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir.1986). A timely-filed Rule 59(e) motion tolls the time for filing a notice of appeal. Fed.R.App.P. 4(a)(4). Thus, the merits of the underlying default judgment are subject to review because the notice of appeal was filed within thirty days of the denial of the motion for reconsideration. *See Jackson v. Schoemehl*, 788 F.2d 1296, 1299 (8th Cir.1986).

Both the entry of a default judgment and the ruling on a motion to set aside a default judgment are committed to the sound discretion of the district court. *Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir.1977) (per curiam) (*Packers*). Default judgments, however, are not favored by the law. Under Fed.R.Civ.P. 55(c), a judgment of default may be set aside for the reasons listed in Rule 60(b) (e.g., mistake, inadvertence, excusable neglect). The entry of a default judgment for a marginal failure to comply with the time requirements—in this case, being twelve days late—should be distinguished from dismissals or other sanctions imposed for willful violations of court rules, contumacious conduct, or intentional delays. *See Gross v. Stereo Component Sys.*, 700 F.2d 120, 124 (3d Cir.1983); *Packers*, 562 F.2d at 10.

We agree with Anthony that the judgment presents a notice issue. Failure to comply with notice requirements of Rule 55(b)(2) may justify reversing on appeal or setting aside a default. *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir.1989). Under Rule 55(b)(2), a party is entitled to notice if the "party against whom judgment by default is sought has appeared in the action." Because Anthony filed an answer, albeit late, he indicated a desire to defend against the action. Appearance under Rule 55(b) "need not necessarily be a formal one, *i.e.*, one involving a submission or presentation to a court." *Wilson v. Moore & Assocs.*, 564 F.2d 366, 369 (9th Cir.1977); *accord, Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276–77 (5th Cir.1989) (unfiled motion to dismiss mailed to plaintiff was sufficient appearance to require three-day notice).

Anthony's late answer (though subsequently stricken) constituted an appearance, and he was entitled to notice before entry of the default judgment. Because the district court ordered default judgment on December 6, the same day Time Equipment filed its second affidavit of default, Anthony did not receive the required three-day notice. Thus, the district court abused its discretion in granting the default judgment and denying the motion for reconsideration.

Accordingly, we reverse the judgment of the district court and remand the case to the district court for further proceedings.