5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Donald S. DALMAN, Appellant.
 No. 93-1845.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 25, 1993.
Filed: September 13, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald S. Dalman appeals from the final order entered in the United States District Court[1] for the District of North Dakota, denying Dalman's motion to set aside a default judgment entered against him in favor of the United States. For the reasons discussed below, we affirm.
 
 
 2
 In March 1974, Dalman obtained a Small Business Administration (SBA) guaranteed loan through the Farmers State Bank in Ingalls, Kansas. Dalman signed a promissory note for $60,000, secured by certain collateral. Dalman made no payments on the loan. The SBA purchased the loan and the Farmers State Bank assigned its security agreement to the SBA. In June 1974, the SBA called the loan and demanded full payment from Dalman. In August 1974, Dalman consented to the sale of the collateral by SBA. After the sale, a deficiency of $29,049.00 remained. Between August 1974 and March 1992, SBA contended they were unable to locate Dalman to serve him with a civil action to recover the deficiency.
 
 
 3
 On March 11, 1992, the government served Dalman with a prejudgment writ of attachment and a complaint, seeking $29,490.03 in principal and $40,019.61 in interest under the terms of the promissory note. On March 12, 1992, Dalman filed a "Request for Hearing" form, which was included in the papers served on him. On the form he checked spaces stating that he disagreed with the reason that the government gave for taking his property, he did not owe the money, and the property the government took was exempt.
 
 
 4
 On March 31, 1992, the government notified Dalman of its intention to apply for a default judgment. On April 2, 1992, the government filed an application for a default judgment, and on April 9, 1992, the district court entered judgment against Dalman in the amount of $69,885.05.
 
 
 5
 On May 15, 1992, Dalman moved to set aside the default judgment, stating that when he consented to the sale of his collateral, he believed his obligation was fully satisfied and that SBA would not seek any deficiency. Dalman further stated that he was served with the complaint while he was in jail in North Dakota, that he was unable to respond to the complaint in jail, that he did not recall receiving a summons notifying him of the twenty-day answer requirement, and that he mistakenly thought the "Request for Hearing" form he filed was sufficient to answer the complaint. Dalman further argued that the six-year statute of limitations barred the United States from collecting the debt and that he did not owe the money. He attached his own affidavit, attesting that he did not conceal his whereabouts or evade service to defraud the government, that he was at all times a resident of the United States, and that he never received a hearing on the prejudgment attachment proceedings.
 
 
 6
 The government responded, arguing that the default judgment should not be set aside because Dalman had no meritorious defense to the United States's claim the default was a result of Dalman's culpable conduct, and the United States would suffer prejudice.
 
 
 7
 After oral argument and supplemental briefing by the parties, the district court concluded that the default judgment should not be set aside on the basis of mistake under Fed. R. Civ. P. 60(b)(1), because a request for hearing constituted an appearance, not an answer, and that Dalman's receipt of the Notice Before Application for Default Judgment should have warned Dalman of a possible entry of default. The district court also concluded that the government exercised due diligence in serving Dalman with process before the running of the statute of limitations, and thus, the statute of limitations defense was not a sufficient reason to justify relief under Fed. R. Civ. P. 60(b)(6).
 
 
 8
 On appeal, Dalman argues that the district court erred in finding that the government exercised due diligence because the SBA had continuous contact with him or with his wife through March 1975, and a former partner informed the SBA of his whereabouts in October 1975 and November 1976. Dalman argues the SBA failed to exercise due diligence after the SBA closed its files in November 1975, concluding that filing the deficiency judgment would be fruitless because Dalman had no money or assets.
 
 
 9
 The government argues that the district court did not abuse its discretion because the SBA agent diligently pursued locating Dalman from 1974 through 1979, when the SBA believed Dalman had departed for Canada.
 
 
 10
 A ruling on a motion to set aside a default judgment is committed to the sound discretion of the district court. Fed. R. Civ. P. 55(c); United States ex rel. Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993); Fed. R. Civ. P. 55(c). Under Rule 55(c), a judgment of default may be set aside for the reasons listed in Rule 60(b). Under Rule 60(b), relief from judgment is an extraordinary remedy. A defendant seeking relief must show lack of prejudice to the plaintiff, a meritorious defense, and lack of culpability. See Hoover v. Valley West D M, 823 F.2d 227, 230 (8th Cir. 1987). Dalman argues that his mistake in filing a request for hearing in lieu of an answer justified setting aside the default. See Fed. R. Civ. P. 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect). After carefully reviewing the record, we agree with the district court's conclusion that Dalman's excuse for not filing an answer did not justify relief from judgment, especially in light of Dalman's failure to respond to the notice of default in any way.
 
 
 11
 As for Dalman's argument that he has a meritorious statute-of-limitations defense because the civil action was filed in excess of six years following the government's demand for payment, see 28 U.S.C. Sec. 2415, we do not believe the district court abused its discretion in concluding the government exercised due diligence in attempting to locate and serve process on Dalman before the expiration of the six-year statute of limitations.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Dalman's objections to appellee's brief are overruled.
 
 
 
 [1]
 The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota