Jean M. WENDT and Bernard
L. Wendt, Plaintiffs,

v.

Douglas A. PRATT, Defendant.

Civ. No. 5–93–135.

United States District Court,
D. Minnesota,
Fifth Division.

Jan. 14, 1994.

Michael J. Milliken, Marcovich, Cochrane & Milliken, Superior, WI, for plaintiffs.

Michael W. Haag, Crassweller, Magie, Andresen, Haag & Paciotti, Duluth, MN, for defendant.

ORDER

ROSENBAUM, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is—

ORDERED:

1. That plaintiffs' motion to strike the answer of defendant [Clerk Docket # 4] shall be, and hereby is, denied.

2. That plaintiffs' motion for default judgment [Clerk Docket # 5] shall be, and hereby is, denied.

3. That defendant's motion to enlarge the time in which to answer [Clerk Docket # 8] shall be, and hereby is, granted.

REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

At Duluth, in the District of Minnesota, this 16th day of December, 1993.

I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiffs' Motions to Strike the Answer of the Defendant and for Default Judgment, and upon the Defendant's Motion to Enlarge the Time in which to Answer.

A Hearing on the Motions was conducted on December 16, 1993, at which time the Plaintiffs appeared by Michael J. Milliken, Esq., and the Defendant appeared by Michael W. Haag, Esq.

For reasons which follow, we deny the Plaintiffs' Motion for the entry of a Default Judgment.

II. *Factual and Procedural Background*

This action arises out of an automobile accident which occurred on or about October 1, 1987, when an automobile driven by the Defendant collided with a motor vehicle

which was being operated by the Plaintiff Bernard L. Wendt and in which the Plaintiff Jean M. Wendt was a passenger.

The Summons and Complaint were served upon the Defendant on or about September 18, 1993. On September 22, 1993, the Defendant delivered the Summons and Complaint to the Twin Cities claim office of Allstate Insurance Company, which insured the Defendant's motor vehicle on the date of the claimed loss. "[F]or reasons that remain unknown the person in charge of the tracking desk did not get this matter immediately assigned to an adjuster" and, indeed, such an assignment was not made until October 14, 1993. See, Affidavit of Diane S. Lager. Unfortunately, however, that adjuster was out-of-the-office and the matter was then assigned to a second adjuster on October 21, 1993—some 13 days after an Answer was to be filed in this action. On the same date, the second adjuster contacted legal counsel and, on October 22, 1993, the Defendant's Answer was duly filed in this Court.

On November 1, 1993, the Plaintiffs filed their Motion to Strike the Defendant's Answer and their Motion for the entry of Default Judgment. Thereafter, on November 10, 1993, the Defendant filed his Motion to Extend the time for the filing of his Answer. By Order dated November 12, 1993, this Court deemed argument on the pending Motions to be unnecessary, denied the Plaintiff's Motions to Strike and for the entry of a Default, and granted the Defendant's Motion to Enlarge the Time in which to Answer. Upon the Plaintiff's Motion to Reconsider, the Court concluded that its prior Order was improvidently issued and, by Order dated November 19, 1993, the Court's earlier Order was withdrawn, and a Hearing on the pending Motions was set for December 16, 1993. The Hearing having been completed, and the arguments and authorities of the parties having been fully considered, the issues are ripe for determination.

### III. *Discussion*

Although differently denominated, the pending Motions present a single issue for the Court's determination; namely, whether the Plaintiffs are entitled to the entry of a Default Judgment for the admitted tardiness of the Defendant in failing to file an Answer in this matter until 14 days had elapsed after the date on which an Answer was due. We conclude that the entry of a Default Judgment, under the circumstances here, would be an abuse of discretion.

■ A. *Standard of Review.* "There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, see, e.g., *Jackson v. Beech,* 636 F.2d 831, 835 (D.C.Cir.1980), particularly when monetary damages sought are substantial." *Swink v. City of Pagedale,* 810 F.2d 791, 792 n. 2 (8th Cir.1987), cert. denied, 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987), citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2693, at 482–85 (2d ed. 1983). Accordingly, entry of judgment by default is a drastic remedy which should be used only in extreme situations. *Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); *Federal Deposit Insurance Corp. v. Manatt,* 723 F.Supp. 99, 106 (E.D.Ark.1989).

■ "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Lee v. Brotherhood of Maintenance of Way Employees,* 139 F.R.D. 376, 381 (D.Minn.1991), citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2682, at 411 (2d ed. 1983). In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct. *United States on Behalf of and for the Use of Time Equipment Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir.1993); *Taylor v. City of Ballwin, Missouri,* 859 F.2d 1330, 1332 (8th Cir.1988).

■ B. *Legal Analysis.* We have no hesitation in concluding that an entry of a default judgment in this action would ill-serve the interests of justice. Our conclusion is particularly swayed by the analysis and the result in *United States on Behalf of and*

*for the Use of Time Equipment Rental & Sales, Inc. v. Harre,* supra. There, the Defendant's Answer was filed some twelve days after it was due. The Court explicitly recognized a distinction between such a "marginal failure to comply with the time requirements" applicable to the service and filing of an Answer, and the willful violation of Court Rules, contumacious conduct or intentional delays. *Id.* at 130. Moreover, the Court observed that the Defendant's filing of an Answer—"albeit late"—indicated a desire to defend against the Plaintiff's claim. *Id.* Applying these precepts, the Court reversed the Trial Court's entry of a Default Judgment as an abuse of discretion.

In our view, the entry of Default Judgment should be a "rare judicial act." *Comiskey v. JFTJ Corp.,* 989 F.2d 1007, 1009 (8th Cir. 1993), citing *Edgar v. Slaughter,* 548 F.2d 770, 773 (8th Cir.1977). In appropriate circumstances, where delay, inattention, inadvertence, or the like, has become inordinate, an entry of a Default serves a worthy and useful purpose. Nevertheless, we need not deploy a howitzer to deter a gnat. Undoubtedly, the Defendant's dalliance in answering the Plaintiff's claim was an annoyance and understandably so, but the isolated and inconsequential nature of that short-term delay militates against the draconian imposition of a Judgment on the merits.[1] Here, the Plaintiffs acknowledge that they have not been prejudiced by the brief delay occasioned by the Defendant to date, and we are persuaded that to deny the Defendant the right to defend against their claim would obstruct the interests of justice. See, *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir.1970).

Accordingly, we recommend that the Plaintiffs' Motion for the entry of Default Judgment be denied.[2]

THEREFORE, It is—

RECOMMENDED:

1. That the Plaintiffs' Motion to Strike the Answer of the Defendant [Docket No. 4] be denied.

2. That the Plaintiffs' Motion for Default Judgment [Docket No. 5] be denied.

3. That the Defendant's Motion to Enlarge the Time in which to Answer [Docket No. 8] be granted.

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D.Minn. LR1.1(f), and D.Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 30, 1993,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 30, 1993,** unless all interested parties stipulate that the District Court is not required by

---

1. We caution Allstate Insurance Company that, in exchange for the payment of the Defendant's insurance premium, he is entitled to a vigilant defense of his legitimate interests. The fact that, at least in the record before this Court, those interests were largely ignored or inexplicably misplaced for a period of two weeks, does not speak well of the administrative proficiencies of the Defendant's insurer. If remedial procedures have not been implemented by Allstate, so as to preclude the reoccurrence of the same events, we would strongly counsel its reassessment of its competence to diligently represent the interests of its insureds.

2. We have reconsidered the analysis contained in our Order of November 12, 1993, and particularly insofar as that Order addresses the Plaintiffs' Motion to Strike the Defendant's Answer and the Defendant's Motion to Enlarge the Time in which to Answer. We adopt the reasoning expressed in that Order as if fully set forth herein, and we recommend that the Plaintiffs' Motion to Strike be denied, and that the Defendant's Motion to Enlarge be granted.

Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.