**AMERICAN STATES INSURANCE CORPORATION, an Indiana corporation, Plaintiff,**

v.

**TECHNICAL SURFACING, INC., a Minnesota corporation, Defendants.**

**No. CIV. 97–49 JRT/RLE.**

United States District Court, D. Minnesota.

Jan. 6, 1998.

George Gregory Eck, Dorsey & Whitney, Minneapolis, MN, for Technical Surfacing, Inc., Phoenix Group, Inc., Phoenix Foods, Inc.

## ORDER

TUNHEIM, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is—

ORDERED:

That the Plaintiff's Motion for Default Judgement and for Costs [Docket No. 4] shall be, and hereby is, denied.

### ORDER and REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

#### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A) and (B), upon the Plaintiff's Motion for Default Judgment, the Defendant's Motion for leave to file an untimely Answer, and the Petition of third-party Phoenix Foods, Inc. ("Phoenix"), to intervene in this action.

A Hearing on the Motions was conducted on April 21, 1997, at which time the Plaintiff appeared by Kelly A. Putney, Esq., the Defendant appeared by David E. Krause, Esq., and, with the Court's leave, Phoenix and Third–Party Dovolis, Johnson & Ruggieri, Inc. ("Dovolis"), appeared specially by Robert J. Huber, Esq., and Mark T. Quayle, Esq., respectively.

■ For reasons which follow, the Motion for leave to file an untimely Answer is granted, and the Petition to intervene is denied as moot.[1] Further, we recommend that the Motion for Default Judgment be denied.

John Marvin Anderson, Kelly Ann Putney, Bassford, Lockhart, Truesdell & Briggs, Minneapolis, MN, for American States Insurance Company.

---

1. At the Hearing on these Motions, we expressed our concern that the propriety of the Plaintiff's

## II. Factual and Procedural Background

In early November of 1994, the Defendant installed certain floor materials in a Bruegger's Bagel Bakery Store, which was then under construction in Minneapolis, Minnesota. On November 5, 1994, it was advised that Phoenix—which was a grocery store located adjacent to the Bakery, had been forced to close due to an assertedly excessive degree of fumes in the store, which were claimed to have been emitted from the floor materials installed by the Defendant in the Bakery Store. Thereafter, Phoenix, its owner—Phoenix Group, Inc.—and Ephorm Freeman, who appears to have been an independent vendor of hair care products, which were sold at Phoenix, instituted a series of State Court actions against the Defendant and the other parties, including Dovolis, for the recovery of the damages which the claimants have alleged to have suffered from being exposed to excessive fumes.

At all relevant times, the Defendant was covered by a general liability insurance policy, which had been issued by the Plaintiff. This policy, however, contains a pollution exclusion which, the Plaintiff maintains, denies coverage for the damages which the State Court plaintiffs have claimed. Accordingly, on January 8, 1997, the Plaintiff commenced this action, in which it seeks a Declaration that no coverage exists for the claims against the Defendant, which have been raised by the State Court plaintiffs, and it also requests that the Court declare that it has no duty to defend the Defendant, in connection with these State Court claims. In this action, the Summons and Complaint were personally served upon Dean Johnson ("Johnson"), who is the Defendant's president, on January 16, 1997. Nevertheless, the Defendant did not interpose an Answer to the Complaint, or otherwise respond to the Plaintiff's allegations, within the time prescribed by the Federal Rules of Civil Procedure, and the Local Rules of this Court.

On February 19, 1997, counsel for the Plaintiff wrote to Johnson advising that the Defendant had scheduled a Motion for Default Judgment. On that same date, the Defendant's counsel telephoned counsel for the Plaintiff in order to advise that the Defendant was no longer in business, that it had no assets, and that Johnson did not intend to respond to the Plaintiff's Complaint, or to otherwise appear in the action. Counsel for the Defendant further advised that the Defendant would not be opposing the Motion for Default Judgment.

However, on April 16, 1997, five days before the Hearing on these Motions, counsel for the Defendant was advised by counsel for Dovolis that Dovolis intended to join Johnson, personally, as a defendant in one of the underlying State Court actions, and that Dovolis intended to seek to hold Johnson personally liable for any damages which may have arisen as a result of the Defendant's construction activities in the Bakery Store. As a result of this potential, personal exposure, Johnson reconsidered his decision not to oppose the Plaintiff's Motion for Default Judgment, and he appeared at the Hearing on April 21, 1997, and requested leave to file an untimely Answer to the Plaintiff's Complaint.

Motion—and, indeed, of the entire action—was rendered suspect by the Plaintiff's failure to comply with the requisites of Minnesota Statutes Section 555.11, which requires the joinder of all interested parties, if legal effect is to be given to a State Declaratory Judgment. Accordingly, we requested supplemental briefing on the legal effect, if any, of the Plaintiff's failure to join Phoenix, Dovolis and any other interested parties to this action, in this action. Thereafter, Phoenix submitted its briefing, in which it argued that it is a "necessary" or "indispensable" party, within the meaning of Rule 19(a) and (b), Federal Rules of Civil Procedure. In addition, Phoenix filed a Petition to intervene in this proceeding. While the Plaintiff has not conceded that Phoenix is a necessary, or an indispensable party to this action, by Order dated November 26, 1997, we granted the parties' stipulated request to allow the Plaintiff to amend its Complaint, so as to add Phoenix as a party-Defendant. As a consequence, Phoenix's Petition to intervene in this matter has been rendered moot, and we deny it as such.

In addition, at the time of the Hearing, Dovolis also expressed an interest in intervening in the action, but it has not filed a Petition to intervene, nor has any party to this action requested that Dovolis by joined as a party. Accordingly, at this time we have no basis to address any interest on Dovolis's part—if interest there be—to join this action as an intervenor, or otherwise.

### III. *Discussion*

Although the Motions have been differently styled, the primary issue which they jointly present is whether the Plaintiff is entitled to an entry of Default Judgment for the admitted tardiness of the Defendant in failing to respond, or to seek leave to respond, to the Plaintiff's Complaint, until some two-and-a-half months after the date on which a Response was due. We conclude that an entry of Default Judgment, under the circumstances here, would ill serve the interests of justice, and would be an abuse of discretion.

■ A. *Standard of Review.* " 'There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, see, e.g., *Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir.1980), particularly when monetary damages sought are substantial.' " *Wendt v. Pratt*, 154 F.R.D. 229, 230 (D.Minn.1994) citing *Swink v. City of Pagedale*, 810 F.2d 791, 792 n. 2 (8th Cir.1987), cert. denied, 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987), citing *10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure; Civil 2d,* § 2693, at 482–85 (1983). As a consequence, "entry of judgment by default is a drastic remedy which should be used only in extreme situations." *Id.,* citing *Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885 (5th Cir.1968), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); *Federal Deposit Insurance Corp. v. Manatt,* 723 F.Supp. 99, 106 (E.D.Ark.1989).

■ Accordingly, " '[w]here a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits.' " *Id.,* quoting *Lee v. Brotherhood of Maintenance of Way Employees,* 139 F.R.D. 376, 381 (D.Minn.1991), citing in turn *10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d,* supra at 411. "In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct." *Id.,* citing *United States on Behalf of and for the Use of Time Equipment Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir.1993); *Taylor v. City of Ballwin, Missouri,* 859 F.2d 1330, 1332 (8th Cir.1988); see also, *Battle v. Prudential Ins. Co. of America,* 973 F.Supp. 861, 863 (D.Minn.1997).

■ B. *Legal Analysis.* We conclude, on the basis of the entire Record before us, that an entry of a Default Judgment would contravene the principles of fundamental fairness. In this respect, we are closely-guided by the analytical framework which was first enunciated in *United States on Behalf of and for the Use of Time Equipment Rental & Sales, Inc. v. Harre,* supra at 130, where our Court of Appeals recognized a distinction between a "marginal failure to comply with the time requirements" for filing a response to a complaint, with those "dismissals or other sanctions imposed for willful violations of court rules, contumacious conduct, or intentional delays." Applying these distinctive precepts, the Court concluded that the District Court's entry of a Default Judgment, when the Defendant had filed an Answer twelve days after it was due, had been an abuse of discretion.

Since its decision in *Harre,* the Court has further refined the line which demarks a "marginal failure to comply with time requirements," from "willful violations of court rules, contumacious conduct, or intentional delays." The cases reflect that modest periods of delay, which have not appreciably prejudiced the plaintiffs, have consistently been treated as "marginal failures." See, *In re Jones Truck Lines, Inc.,* 63 F.3d 685, 687 (8th Cir.1995)(five-week delay) *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir.1993)(twenty-two day delay); see also, *Battle v. Prudential Ins. Co. of America,* supra at 863 (delay of three weeks); *Wendt v. Pratt,* supra at 231 (delay of fourteen days). Instead, an entry of a Default Judgment has been reserved for those occasions which exhibit a clear demonstration of willful neglect, or intentional delay. See, *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 119 (8th Cir.1997)(entry of default Judgment justified by defense counsel's failure to take any action in litigation

after filing an unsuccessful motion to dismiss, including failure to answer three-year-old complaint, neglect of discovery requests, and ignoring of repeated inquiries from plaintiff's counsel); *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir.1996)(entry of Default Judgment justified by defendant's pattern of dilatory conduct, including complete failure to respond to Magistrate Judge's discovery Order and other Orders, failure to comply with pretrial requirements, and failure to attend final Pretrial/Settlement Conference).

Guided by these authorities, we conclude that the Defendant's delay of approximately ten weeks, before seeking leave to file an Answer to the Plaintiff's Complaint, was an excusable failure to comply with time requirements and, therefore, it would be an abuse of discretion for the Court to sanction the Defendant for that delay, by the entry of a Default Judgment. This conclusion seems to be particularly warranted by the Plaintiff's failure to identify any apparent, let alone any real, prejudice resulting from the Defendant's delay, apart from the effort and expense which it incurred in seeking a Default Judgment. We believe that our observation, in *Wendt v. Pratt,* supra at 231, has equal force here:

> In our view, the entry of Default Judgment should be a "rare judicial act." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir.1993), citing *Edgar v. Slaughter,* 548 F.2d 770, 773 (8th Cir.1977). In appropriate circumstances, where delay, inattention, inadvertence, or the like, has become inordinate, an entry of a Default serves a worthy and useful purpose. Nevertheless, we need not deploy a howitzer to deter a gnat. Undoubtedly, the Defendant's dalliance in answering the Plaintiff's claim was an annoyance and understandably so, but the isolated and inconsequential nature of that short-term delay militates against the draconian imposition of a Judgment on the merits. Here, the Plaintiffs acknowledge that they have not been prejudiced by the brief delay occasioned by the Defendant to date, and we are persuaded that to deny the Defendant the right to defend against their claim would obstruct the interests of justice. See, *H.F. Livermore Corp. v. Ak-*

*tiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir.1970).

[Footnote omitted].

As the Defendant relates, the expense of appearing in this action was inordinate, until the potential adversity, from not defending its interests in this action were made clear, through the prospect of personal liability was visited upon the owner of the Defendant. While, in and of itself, such a strategic election to default would not compel the result we reach, here the Defendant recanted prior to the entry of a Default Judgment, and the Plaintiff does not suffer any adversity, other than to be obliged to assert its claims, on their merits, and not merely on a procedural technicality.

Accordingly, we grant the Defendant's Motion for leave to file an untimely Answer, and we recommend that the Plaintiff's Motion for the entry of Default Judgment be denied.

NOW, THEREFORE, It is—

ORDERED:

1. That the Defendant's Motion for leave to file an untimely Answer is GRANTED.

2. That Phoenix Food, Inc.'s Petition to Intervene [Docket No. 8] is DENIED as moot.

AND, It is—

RECOMMENDED:

That the Plaintiff's Motion for Default Judgement and for Costs [Docket No. 4] be denied.

### NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 19, 1997,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 19, 1997,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.