# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1924
_____

United States of America

*Plaintiff - Appellee*

v.

William Hubbard, Jr.

*Defendant - Appellant*

Hubbard's Fishing Float & Café, LLC

*Defendant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: February 11, 2020
Filed: February 21, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

William Hubbard, Jr., did not timely appear in an ejectment action brought by the United States. Based on a finding that Hubbard willfully refused to appear, the district court[1] entered a default judgment against him.

We conclude that the district court did not abuse its discretion. The record supports the finding that Hubbard acted willfully by evading service and refusing to respond despite having actual notice of the lawsuit. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (discussing the standard of review and stating that a default judgment is appropriate if a party's conduct is willful, contumacious, or intentional). Moreover, none of Hubbard's remaining arguments have merit. *See id.* at 857 (stating that when a party has engaged in willful misconduct, even the existence of a meritorious defense is not enough to avoid a default judgment); *see also Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (explaining that following the entry of a default judgment, a party has no standing to contest the factual allegations). We accordingly affirm the judgment of the district court.[2] *See* 8th Cir. R. 47B.

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

[2]All remaining motions, which have now become moot, are denied.

- 2 -