**Sylvester JONES, Plaintiff,**

v.

**James F. DAVEY, Clerk, U.S. District Court for the District of Columbia, Former Regional Director Henderson, Federal Bureau of Prisons, and Arthur G. Johnson, Clerk, U.S. District Court, Topeka, Kansas, Defendants.**

**No. 87–25C(2).**

United States District Court, E.D. Missouri, E.D.

Dec. 13, 1988.

Sylvester Jones, care of Dorothy Jones, St. Louis, Mo., pro se.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on the following motions: plaintiff's motions to compel discovery, for reconsideration of portions of the Court's October 13, 1988 memorandum and order, for order compelling the United States Department of Justice to withdraw as attorneys for defendants, for enforcement of judgment entered by default and entry of judgment by default against the United States, amended motion to motion for enforcement of judgment, for change of venue, and for sanctions against Assistant United States Attorney Wesley D. Wedemeyer for fraud and distortion; defendant Henderson's motion to set aside entry of default, and defendants' motion to dismiss.

## MOTION TO SET ASIDE DEFAULT

By order dated April 13, 1988, this Court ordered plaintiff to effect service on defendant Henderson within sixty days. According to a return in the file, a copy of the complaint was served on Joan Henderson, defendant's wife, on June 22, 1988. On October 6, 1988, an entry of default was filed by the Clerk of this Court against defendant Henderson, pursuant to Fed.R. Civ.P. 55(a). No judgment, however, has been entered by this Court.

In support of his motion to set aside entry of default, defendant Henderson states that the service of process was executed on him beyond the sixty-day period set out in this Court's April 13, 1988 order, and that the default entry was improper without leave of this Court. In addition, defendant Henderson states that at the time his wife was served, he was out of the country and was also under the impression that this case had been dismissed and that plaintiff's appeal had been dismissed. In addition, the Bureau of Prisons Regional counsel was unaware that the case was still

open, and did not notify defendants' present counsel of the June 22, 1988 service.

Finally, defendant moves to set aside the default for lack of personal jurisdiction over him. Plaintiff alleges in his complaint that Henderson resides in Kansas and it appears that he is being sued in his individual capacity. Further, plaintiff alleges no minimum contacts of defendant to support jurisdiction under the Missouri long-arm statute, or under due process principles.

■ Under Fed.R.Civ.P. 55(c), this Court may set aside the entry of default "for good cause shown." This Court finds that its apparent lack of personal jurisdiction over defendant Henderson, plus the other reasons enumerated above, are sufficient to support defendant's motion.

## MOTION TO DISMISS

■ Defendant Henderson reiterates his personal jurisdiction arguments in this motion, and the Court agrees. Therefore, the motion will be granted as to defendant Henderson. Defendants Davey and Johnson also raise the personal jurisdiction issue. However, it appears by the answer filed by these defendants on March 10, 1987, that they have waived this issue. *See also* 28 U.S.C. § 1391(e)(4), which permits filing of a civil action against an employee of the United States in his official capacity where the plaintiff resides, if no real property is involved in the action.

■ Despite plaintiff having obtained personal jurisdiction over defendants Davey and Johnson, this Court is empowered, pursuant to 28 U.S.C. § 1915(d), to dismiss actions brought in forma pauperis when "satisfied that the action is frivolous or malicious." Plaintiff alleges in his complaint that defendants conspired to deprive him of his fifth amendment rights by failing to enter a default judgment in a previous action, *Sylvester Jones v. United States of America, et al*, No. 83–3168 (D.Kan.). (These two defendants are clerks of the United States District Court in the District of Columbia and Kansas.) That action was originally filed in the United States District Court, District of Columbia, and was transferred to the court in Kansas.

According to a memorandum and order dismissing that action, authored by Honorable Richard D. Rogers, United States District Judge, Jones originally moved for a default judgment when the case was pending in the District of Columbia. That motion was denied and plaintiff's appeal to the United States Court of Appeals for the D.C. Circuit was dismissed. The second default motion was denied by Judge Rogers upon dismissal of the case, for the reason that the motion of the defendants to dismiss tolled the time to answer until disposition of the motion. See *Jones v. United States, supra,* slip op. at 9 (D.Kan. Aug. 27, 1984).

Based on the above opinion, the Court finds that plaintiff's complaint of failure to enter default judgments is frivolous within the meaning of 28 U.S.C. § 1915(d) and, therefore, should be dismissed.

An appropriate order shall accompany this memorandum opinion.

## ORDER

In accordance with the memorandum opinion filed this date and incorporated herein,

IT IS HEREBY ORDERED that the motion of defendant Henderson to set aside the entry of default is GRANTED, and the entry of default of October 6, 1988 is SET ASIDE.

IT IS FURTHER ORDERED that the defendants' motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the following motions are DENIED as moot: plaintiff's motions to compel discovery, for reconsideration of portions of the Court's October 13, 1988 memorandum and order, for order compelling the United States Department of Justice to withdraw as attorneys for defendants, for enforcement of judgment entered by default and entry of judgment by default against the United States, amended motion to motion for en-

forcement of judgment, for change of venue, and for sanctions against Assistant United States Attorney Wesley D. Wedemeyer for fraud and distortion.

Dated this 13th day of December, 1988.