# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3247

_____

| | | |
|---|---|---|
| Timothy S. Forsythe; Randy E. Brehmer; Ted S. Haines, | * * * | |
| Appellees, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| John L. Hales; Comstar BioCapital, Inc., a British Virgin Islands corporation, | * * * | |
| Appellants. | * | |

_____

Submitted:  June 15, 2001
Filed:  July 2, 2001

_____

Before MURPHY, MAGILL, and BEAM, Circuit Judges.

_____

MAGILL, Circuit Judge.

Appellees Timothy S. Forsythe, Randy E. Brehmer, and Ted S. Haines sued several defendants, including John L. Hales and Comstar BioCapital, Inc. ("Comstar"), alleging that they had engaged in various securities violations. After reaching a settlement with the other defendants in the case, Appellees moved for various sanctions, including default judgment, against Hales and Comstar due to their delays

and discovery violations. The district court[1] entered default judgment against Hales and Comstar in the amount of $1,821,698. Hales and Comstar now appeal, and we affirm.

## I.

In January 1998, Appellees filed a lawsuit against West America Securities Corporation ("West America"), Gregory R. Myers, Dennis A. Pearson, Jr., Richard W. Simpson, Hales, and Comstar. Appellees alleged that the defendants had accepted money to purchase stock, but then either failed to deliver the shares into Appellees' accounts at all or delayed delivery for months without notifying Appellees. As a result of the defendants' alleged conduct, Appellees were unable to sell the stock when they desired to do so. West America moved to compel NASD arbitration and the case was stayed on June 11, 1998, pending outcome of the arbitration. In February 1999, Hales and Comstar filed an answer through Robert P. Lowell, a California attorney who was not admitted to practice before the district court. Appellees reached a tentative settlement with defendants West America, Myers, Pearson, and Simpson in September 1999, and the stay was subsequently lifted.

On September 27, 1999, the magistrate judge set a pretrial conference for October 29, 1999. Lowell appeared at the pretrial conference by telephone, but the magistrate judge informed him that because he was not admitted to practice before the court and had not associated with local counsel, he would not be permitted to participate in the conference under Local Rule 83.5. The magistrate judge then afforded Hales and Comstar time to retain counsel in compliance with the rule.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

As no attorney had filed a notice of appearance on behalf of Hales and Comstar by November 10, 1999, the magistrate judge issued an order directing all parties to obtain counsel admitted to practice before the court by November 22. Hales personally e-mailed the district court on November 22, requesting an extension until November 29 to retain new counsel. The court granted Hales' request, but Hales nevertheless failed to retain appropriately licensed counsel by the requested date.

By December 1999, Hales and Comstar had committed numerous discovery violations, failing to (1) submit the required pre-discovery disclosures, (2) respond to Appellees' Interrogatories or Document Requests, or (3) appear for a scheduled deposition. Appellees warned Hales and Comstar that their continuing failure to engage in the discovery process could force Appellees to seek a default judgment. When Hales and Comstar continued to be unresponsive, Appellees moved for various sanctions, including a default judgment.

The magistrate judge scheduled a hearing on Appellees' sanctions motion on January 7, 2000. On January 6, Lowell filed two documents with the court, requesting (1) that his clients be given a two-week continuance to obtain local counsel and respond to Appellees' motion, and (2) that he be permitted to appear by telephone. The court denied permission to appear by telephone. The motion for a continuance was summarily denied, as Lowell had no authority to file such a motion. As a result, the hearing was held as scheduled on January 7, 2000. No appearance was made on behalf of Hales or Comstar. However, the magistrate judge did not grant Appellees' motion for default judgment, but rather entered an order requiring Hales and Comstar to appear before the court on February 2, 2000, and show cause why a default judgment should not be entered against them. The order also required Hales and Comstar to appear at the February 2 hearing with counsel admitted to practice before the court.

During the period between the January 7 and February 2 hearings, Hales and Comstar did not file any discovery responses. On February 2, Hales and Comstar

appeared before the court with counsel admitted to practice in the District of Minnesota; however, counsel explained that he had been retained just the day before and had no knowledge of the case. Neither Hales, Comstar, nor their attorney provided the district court with a justification for their failure to respond to discovery, or to engage counsel properly licensed to appear in the case at any time over the preceding twenty-five months. Because he concluded that Hales and Comstar presented no substantive grounds for denying Appellees' motion, the magistrate judge recommended that default judgment be entered against them.

The district court conducted a de novo review of the magistrate judge's report and recommendation, and adopted it with the exception of the imposition of a $3400 sanction, an amount for which the district court found no basis in the record. The district court directed the clerk to enter default against Hales and Comstar and instructed the magistrate judge to hold a hearing to determine the amount of damages to which Appellees were entitled.

The magistrate judge conducted a hearing at which Appellees contended that their damages should be calculated under a "wrongful conversion of securities" theory, while Hales and Comstar argued that the court should use an "out-of-pocket" damages theory. The magistrate judge recommended use of Appellees' theory of damages. The district court adopted the magistrate judge's recommendation and entered judgment in accordance.

## II.

### A. Default Judgment

The parties disagree as to the standard we are to apply in reviewing the district court's grant of default judgment. Appellees contend that we review the district court's decision for abuse of discretion. In contrast, Hales and Comstar assert that in

determining whether to overturn a default judgment, we must consider: (1) whether the conduct of the defaulting party was blameworthy or culpable; (2) whether the defaulting party had a meritorious defense; and (3) whether the other party would be prejudiced if the default were excused. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). However, Johnson addressed the standard to be applied in reviewing a district court's refusal to set aside an entry of default pursuant to Rule 60(b), rather than the court's entry of default itself. Here, neither Hales nor Comstar moved to set aside the entry of default under Rule 60(b), and therefore, we need not apply the procedure for review of such motions. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). Accordingly, we must consider only whether the district court abused its discretion in entering default judgment against Hales and Comstar. See id.

Default judgment is appropriate where the party against whom the judgment is sought has engaged in "willful violations of court rules, contumacious conduct, or intentional delays." Id. However, "default judgment is not an appropriate sanction for a 'marginal failure to comply with time requirements.'" Id. (citation omitted). Here, defendants' conduct includes a complete failure to engage in discovery and failure to appear at depositions and hearings set by the court. Most significantly, Hales and Comstar failed to engage counsel admitted to practice before the district court for a period of twenty-five months, from the inception of the lawsuit until the very day before the hearing at which they were required to show cause why default should not be entered against them.[2] This conduct provides ample basis for a grant of default judgment. See, e.g., Ackra, 86 F.3d at 857 (finding that defendant's failure to obtain

---

[2]Hales and Comstar argue that the period of delay in obtaining licensed counsel was a mere three months, running from November 2, 1999, when the stay was lifted, until February 2, 2000, when they appeared with admitted counsel. However, defendants' failure to appear through admitted counsel dates back at least to the filing of their answer by Lowell on February 18, 1999.

substitute counsel, respond to discovery, and comply with orders of the court provided ample basis for district court's grant of default judgment for $1.2 million); Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (holding default was the appropriate remedy for failure to comply with numerous court orders and discovery requests).

Hales and Comstar rely primarily on Seventh Circuit authority in support of their argument that the district court abused its authority. See Anilina Fabrique de Colorants v. Aakash Chems. & Dyestuffs, Inc., 856 F.2d 873 (7th Cir. 1988). However, in that case, the district court told the defendant that it faced default if it did not either get counsel and request a continuance or settle the case. Id. at 875. The defendant obtained counsel who did appear and request a continuance, but the district court granted default judgment against it nonetheless. Id. at 876. The Seventh Circuit held the district court's action constituted an abuse of discretion. Id. at 877-78. In contrast, in this case, the district court instructed Hales and Comstar that default judgment would be granted if they failed to (1) appear with admitted counsel and (2) show cause why default should not be entered. Though Hales and Comstar appeared with counsel, they failed to show cause why default should not be granted. Thus, unlike the defendants in Anilina, Hales and Comstar did not fulfill the requirements of the district court for avoiding a default judgment and therefore Anilina is inapposite.

Appellants also argue that their misconduct was far less serious than that of the defendants in Ackra, who submitted late and nonresponsive discovery responses for twenty-two months prior to the withdrawal of their counsel, and failed to obtain substitute counsel for over a year thereafter. Ackra, 86 F.3d at 854-55. In fact, the conduct of Hales and Comstar in this case is, if anything, more egregious than that at issue in Ackra, as Hales and Comstar failed to retain qualified counsel from the very beginning of the litigation and entirely failed to participate in discovery. Furthermore, rather than immediately granting default judgment when the defendants failed to appear at the default judgment hearing, as did the court in Ackra, here, the magistrate judge

issued an order affording Hales and Comstar the opportunity to obtain counsel and appear before the court to show cause why Appellees' motion for default should not be granted. Though Hales and Comstar finally obtained counsel and appeared at the hearing, both they and their attorney were unable to show cause why default judgment should not be entered against them. Therefore, under our precedent in Ackra, the district court's grant of default judgment was entirely within its discretion.

**B.    Damages**

Hales and Comstar contend that the district court erred in calculating the amount of damages awarded against them. The amount of damages in a nonjury case is within the discretion of the trial court, and we will not overturn a damages award unless clearly erroneous. Taylor v. Pre-Fab Transit Co., 616 F.2d 374, 375 (8th Cir. 1980). Appellees argue, and the district court agreed, that the proper measure of damages was under the so-called "New York Rule," which states that when a defendant has wrongfully converted the plaintiff's securities, the proper measure of damages is either "the price at the time of conversion or the highest intermediate value reached within a reasonable time after notice of the conversion by the plaintiff, whichever is greater." Myzel v. Fields, 386 F.2d 718, 746 (8th Cir. 1967). Hales and Comstar assert that the New York Rule should not have been applied in this case, and that Appellees' damages should be limited to their out-of-pocket losses.

In concluding that the New York Rule should be used in calculating Appellees' damages, the district court relied on our decision in Davis v. Merrill Lynch, Pierce, Fenner & Smith, 906 F.2d 1206 (8th Cir. 1990). Although Davis dealt with "churning" of investment accounts, its reasoning is equally applicable here. In contrast, the cases cited by Hales and Comstar supporting application of an out-of-pocket measure of damages are inapposite, as they involve misrepresentations or material omissions made to cause a plaintiff to purchase a security or bond at an inflated price. See, e.g., Harris v. Union Elec. Co., 787 F.2d 355 (8th Cir. 1986).

In <u>Davis</u>, we recognized that in certain securities cases, out-of-pocket damages are inadequate, because if such a measure of damages were adopted, brokers would be free to engage in wrongdoing "with impunity so long as the net value of the account did not fall below the amount originally invested." 906 F.2d at 1218. As in <u>Davis</u>, if the district court had applied an out-of-pocket measure of damages here, the effective result would be to permit Hales and Comstar to withhold Appellees' stock for any length of time, as long as at the time they turned the stock over to Appellees, the market price was above the price Appellees had paid. In contrast, if Appellees' stock had been delivered in a timely fashion, they would have been able to sell it at the highest price it reached in the interim period. Accordingly, the out-of-pocket measure of damages would have no deterrent effect, and would not adequately compensate Appellees for their loss, while applying the New York Rule results in the correct measure of damages. Therefore, the district court did not clearly err in applying the New York Rule in calculating the damages awarded against Hales and Comstar.

## III.

For the reasons set forth above, we AFFIRM the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.