**IOWA STATE UNIVERSITY RESEARCH FOUNDATION, INC., an Iowa Non-Profit Corporation, and Metabolic Technologies, Inc., an Iowa Corporation, Plaintiffs,**

v.

**GREATER CONTINENTS INCORPORATED, GCI Nutrients, a wholly-owned subsidiary of Greater Continents Incorporated, and GCI Nutrients Worldwide, Inc., Defendants.**

No. 4:01-cv-40434.

United States District Court, S.D. Iowa, Central Division.

July 15, 2002.

David A. Tank, Davis, Brown, Koehn, Shors & Roberts, Des Moines, IA, for plaintiffs.

Mark A. Schultheis, Grefe & Sidney, Des Moines, IA, for defendants.

## RULING ON MOTION TO SET ASIDE ENTRY OF DEFAULT

GRITZNER, District Judge.

This matter came on for hearing on July 8, 2002, on Defendants' Motion to Set Aside Entry of Default and Plaintiffs' Motion for Entry of Default Judgment. After hearing arguments on the first motion, the second motion was deferred until this fundamental issue could be resolved, and to allow counsel for the Defendants additional time to provide a resistance.[1]

*Factual Background*

Plaintiffs commenced this action on July 17, 2001. Service was obtained on the Defendant on July 19, 2001. The matter was referred to counsel in California, Frank J. Potasz, who apparently consulted with company officials on the matter. Mr. Potasz filed an Answer on behalf of GCI Nutrients Worldwide, Inc., but later determined that it was a non-existent corporation. On December 27, 2001, Magistrate Judge Celeste Bremer entered an Order granting the Plaintiffs leave to amend to bring the action against Greater Continents Incorporated and its subsidiary GCI Nutrients. Judge Bremer found service had previously been made on the proper parties for Greater Continents Incorporated and therefore did not require additional service. The Defendant was directed to file a responsive pleading by January 22, 2002. Mr. Potasz was allowed to withdraw as counsel, and the Defendant was directed to obtain substitute counsel as well as local counsel.

At that time, on advice of counsel or otherwise, the Defendant was of the view that personal jurisdiction was lacking in this Court and therefore intentionally adopted a strategy of ignoring the claim and this case. The Defendant did not respond to Judge Bremer's Order. On May 22, 2002, Plaintiffs filed a Motion for Entry of Default. An entry of default was made by the Clerk of Court on May 28, 2002. Upon learning a default had been entered, officials of the Defendant apparently changed their strategy and consulted with Iowa counsel, who advised against failure to appear. At that point, Defendant filed the Motion to Set Aside Entry of Default.

*Applicable Law and Discussion*

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default "for good cause shown". Fed. R.Civ.P. 55(c). "Both entry of default judgment and ruling on motion to set aside default judgment are committed to sound discretion of district court." *U.S. on Behalf of*

---

1. At the hearing, Plaintiffs did not resist this extension of time in which the Defendant may serve a resistance.

& for the Use of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993). However, " '[t]here is a judicial preference for adjudication on the merits', and it is likely that a party who promptly attacks an entry of default rather that waiting for a grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits". *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783–84 (8th Cir.1998) (quoting *Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir.1993)).

In *Hayek v. Big Brothers/Big Sisters of America*, Judge Bennett sets out the following well-established *Johnson* factors to consider in considering whether to set aside an entry of default: " 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused' ". *Hayek v. Big Brothers/Big Sisters of America*, 198 F.R.D. 518, 522 (N.D.Iowa 2001) (quoting *Johnson*, 140 F.3d at 783–84). The Eighth Circuit continues to apply this standard in considering Rule 55(c) motions. *See U.S. ex rel Shaver v. Lucas Western Corp.*, 237 F.3d 932, 933 (8th Cir.2001) (citing *Johnson* on the standard to set aside entry of default); *see also Murray v. Solidarity of Labor Org. Int'l Union Benefit Fund*, 172 F.Supp.2d 1134, 1141 (N.D.Iowa 2001) (applying *Johnson* factors); *SICK, Inc. v. Motion Control Corp.*, No. CIV. 01–1496, 2002 WL 832609 (D.Minn. Apr. 30, 2002) (applying *Johnson* factors).

### Blameworthy or Culpable

█ After the initial pleadings on behalf of the non-existent corporation, there is no doubt in this record that the Defendant was aware of this action, had consulted with counsel, and intentionally failed to appear and participate in the case. Defendant contends this action was based upon a belief that personal jurisdiction was lacking, suggesting the Defendant would offer that argument as an opposition to any attempt to enforce a judgment obtained herein. That explanation describes but does not alter the knowing and intentional nature of the Defendant's strategy. The only conclusion is that Defendant was blameworthy and culpable in its failure to respond.

### Meritorious Defense

█ Defendant suggests two avenues of defense. The company continues to assert there is a lack of personal jurisdiction. In addition, the company asserts that it has a long history of dealing in the product at issue in the case, which is inconsistent with the claims being asserted by the Plaintiffs.

Other jurisdictions have held that lack of personal jurisdiction is a meritorious defense that can warrant setting aside entry of default. *See Jones v. Davey*, 702 F.Supp. 752, 754 (E.D.Mo.1988) (absence of minimum contacts amounted to good cause to warrant setting aside default); *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 514 (E.D.N.Y.1982) (defendant's contention that district court lacked personal jurisdiction was a meritorious defense); *but see Trachtman v. T.M.S. Realty & Fin. Servs.*, 393 F.Supp. 1342, 1347 (E.D.Pa.1975) (where it was clear that the court had personal jurisdiction over the defendant, lack of personal jurisdiction was not a meritorious defense). The claimed defenses need not be absolutely convincing; a defendant need only make a sufficient showing to generate a factual or legal question as to the merits of a plaintiff's claim. *Hayek*, 198 F.R.D. at 524.

The Defendant's demonstration of meritorious defenses at this stage of the litigation is minimal and certainly does not rise to a convincing level. However, the Court accepts for purposes of the current motion that factual and/or legal questions are suggested on this factor of the analysis.

### Prejudice to Plaintiffs

█ Plaintiffs argue generally that they have suffered prejudice due to the delay in the discovery process, but do not present any indication of actual loss of available evidence or inability to obtain necessary information now. Plaintiffs assert that they have been frustrated in their efforts to obtain preliminary injunctive relief by the strategy adopted by the Defendant.

█ "[P]rejudice may not be found from delay alone. . . ." *Johnson*, 140 F.3d at 785.

To establish the "prejudice" factor of the *Johnson* test, the plaintiff must be prejudiced in some "concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion'". *Hayek,* 198 F.R.D. at 524 (quoting *Johnson,* 140 F.3d at 785). As the Ninth Circuit explained, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered". *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir.2001) (citations omitted). Although some other courts consider additional factors such as "whether the entry of default would bring about an unfair result", *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir.1993), the possibility for loss of evidence, road-blocks to discovery, and greater opportunities for fraud and collusion are almost always the decisive factors in determining whether prejudice to the plaintiff exists. *E.g., Murray v. Solidarity of Labor Org. Intern. Union Benefit Fund,* 172 F.Supp.2d 1134, 1148 (N.D.Iowa 2001); *Hayek,* 198 F.R.D. at 524; *Springs v. Clement,* 202 F.R.D. 387, 394–95 (E.D.N.Y.2001); *see Victoria's Secret Stores v. Artco Equip. Co.,* 194 F.Supp.2d 704, 718 (S.D.Ohio 2002).

The Court is unaware of any precedent regarding prejudice that results from effectively precluding a plaintiff from obtaining preliminary injunctive relief. If preliminary injunctive relief is necessary in a case to adequately protect a plaintiff from irreparable harm, the resulting prejudice seems inherently obvious. The Court has no basis at this stage of the proceeding to determine whether a preliminary injunction was an available remedy under the facts and applicable law, but the Court can conclude that the Defendant's strategy was an effective deterrent to that remedy. That unilateral procedural restraint constitutes prejudice for purposes of this analysis.

■ However, a showing of prejudice to the plaintiff is not required to refuse to set aside an entry of default.

The court need not consider all three factors [culpability of defendant's conduct, meritorious defense, prejudice to plaintiff]. *Porter v. Brancato,* 171 F.R.D. 303, 304 (D.Kan.1997). If the default is the result

of defendant's culpable conduct, then the district court may refuse to set aside the default on that basis alone. *See e.g. id.; In re Dierschke,* 975 F.2d 181, 184 (5th Cir.1992); *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388 (9th Cir.1988).

*Advanced Communication Design, Inc. v. Premier Retail Networks, Inc.,* 186 F.Supp.2d 1009, 1015 (D.Minn.2002); *see also Johnson,* 140 F.3d at 785 ("The court need not consider all three factors."); *Vinten v. Jeantot Marine Alliances, S.A.,* 191 F.Supp.2d 642, 652 (D.S.C.2002) (explaining the Fourth Circuit's position as "while the court should consider prejudice, it should not give controlling consideration to this prong") (citing *Nat'l Credit Union Admin. Bd. v. Gray,* 1 F.3d 262, 265 (4th Cir.1993)).

### Conclusion

Having found the Defendant purposefully adopted a strategy to ignore this case with full knowledge of its existence and nature, the Court finds the Defendant was culpable in the circumstances that created the default. That conduct alone is sufficient to support denial of the Motion to Set Aside Default. The Court further finds the Plaintiffs did suffer legal prejudice because Defendant's defaulting posture impaired the ability of the Plaintiffs to seek timely injunctive relief. The Defendant's Motion to Set Aside Default [Clerk's No. 23] is **denied.** The Plaintiffs' Motion for Entry of Default Judgment [Clerk's No. 20] will come on for hearing before the undersigned at 9:00 a.m., on Friday, August 16, 2002, at the United States Courthouse in Des Moines, Iowa.

**IT IS SO ORDERED.**