Kenneth HILL, Appellant,

v.

**WILLIAMSPORT POLICE DEPT.; City of Williamsport; Michael Hoover.**

No. 01–4530.

United States Court of Appeals, Third Circuit.

Argued Aug. 1, 2002.

Decided April 16, 2003.

Mark Jaffe, (Argued), Timothy R. Hough, Jaffe & Hough, Philadelphia, PA, for Appellant.

Frank J. Lavery, Jr., James D. Young (Argued), Lavery, Faherty, Young & Patterson, Harrisburgh, PA, for Appellees.

Before ROTH, RENDELL and AMBRO, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Kenneth Hill contends on appeal that the District Court abused its discretion when it refused to grant him a default judgment in his 42 U.S.C. § 1983 action against the City of Williamsport, Pennsylvania, the Williamsport Police Department, and Officer Michael Hoover. Because we must follow our Court's precedent in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir.2000), and because Hill has not shown that the District Court abused its discretion in following *Chamberlain's* three-part test, we affirm.

### I.

On March 16, 1998, a Williamsport police officer arrested Hill for marijuana possession after a traffic stop. Another officer, Officer Hoover, took Hill away for processing in a police vehicle marked as Unit 67. Hoover searched the vehicle's back seat to ensure it was clear of contraband before transporting him. No one aside from Hill had access to the back seat of Unit 67 between Hill's entering the vehicle and the end of Hoover's shift. Hoover did not, however, search the vehicle's back seat at the end of his shift. The next officer to use Unit 67 found 69 "straws" of crack cocaine under its back seat when he began his shift. As a result, Hill was charged with offenses related to the crack cocaine. The prosecutor voluntarily withdrew these charges when Hill pled guilty to twelve other counts unrelated to the drugs found in Unit 67.

On March 31, 1998, Hill brought the current action, alleging Hoover planted the crack cocaine. Hill served his complaint on the City and the Police Department on April 7, 2000, and served Hoover six days later. Apparently because of an administrative error, the defendants did not file their answer to Hill's complaint until July 7, 2000.

On June 2, 2000, Hill moved for a default judgment under Federal Rule of Civil Procedure 55(b)(2). In doing so, Hill did not explain how he might be prejudiced if the District Court did not grant his request or provide any evidence that the defendants acted willfully or recklessly in failing to respond to his complaint. On July 5, 2000, the Court denied Hill's motion.

On May 8, 2001, the District Court entered summary judgment in favor of the City and the Police Department on all of Hill's claims, and entered summary judgment in favor of Hoover on all claims except those in Count I of the complaint. On November 30, 2001, the remaining claims against Hoover were voluntarily dismissed pursuant to a stipulation under Federal Rule of Civil Procedure

41(a)(1)(ii).[1] The stipulation provides that these claims are dismissed with prejudice unless Hill successfully appealed the July 5 order,[2] in which case the dismissal is without prejudice. Hill filed his notice of appeal on December 26, 2001.

## II.

As noted, the Rule 41(a)(1)(ii) stipulation left open the possibility that, if Hill prevailed on appeal, he could pursue his remaining claims against Hoover. At oral argument, however, Hill agreed that these claims should be deemed dismissed with prejudice. Hill's statement rendered the District Court's order final, giving us jurisdiction to hear his appeal under 28 U.S.C. § 1291.

Thus we consider whether the District Court abused its discretion in denying Hill's request for default judgment against the defendants. *See Chamberlain,* 210 F.3d at 164. Our Court "does not favor entry of defaults or default judgments," *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194, (3d Cir.1984), as

it prefers adjudications on the merits. *See Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir.1984) (noting that "we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable"); *see also Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 122 (3d Cir.1983); *Tozer v. Charles A. Krause Mill. Co.,* 189 F.2d 242, 245 (3d Cir.1951). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain,* 210 F.3d at 164 (citing *$55,518.05 in U.S. Currency,* 728 F.2d at 195). As our concurring colleague points out, *Chamberlain,* perhaps counterintuitively, applies this three-part test to the motion seeking a default judgment whereas the case on which *Chamberlain* relies— *$55,518.05 in U.S. Currency*—sets out the test in the context of a motion to overturn a default judgment.[3] Whatever the merits

---

1. Rule 41(a)(1)(ii) provides that "an action may be dismissed by the plaintiff without order of court by filing a stipulation of dismissal signed by all parties who have appeared in the action." The Rule further provides that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice."

2. As part of the stipulation the defendants agreed to waive their claim that Hill's appeal of the July 5 order was untimely if he appealed within thirty days of the stipulation, which he did.

3. Indeed, both major treatises on federal practice and procedure, as well as the Ninth Circuit, set out additional factors to those listed in *Chamberlain* as appropriate for consideration when ruling on motions to grant default judgments. 10A Charles A. Wright *et al., Federal Practice and Procedure* § 2685 (3d ed.1998) (noting that "[i]n determining whether to enter a default judgment, the [District Court] is free to consider a number of

factors that may appear from the record before it," including: the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; whether the grounds for default are clearly established or are in doubt; how harsh an effect a default judgment might have; whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant; if plaintiff has engaged in a course of delay or has sought numerous continuances; and whether the court later would be obliged to set aside the default on defendant's motion); 6 James Wm. Moore *et al., Moore's Federal Practice* § 55–20[2][b] (3d ed.1999) (listing factors that may be considered by courts in exercising discretion in entering a default judgment as including: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the

of transposing the *$55,518.05 in U.S. Currency* test to *Chamberlain's* facts, our Internal Operating Procedures require that we follow *Chamberlain* pending *en banc* review and reversal. I.O.P. 9.1. Thus our panel follows *Chamberlain.* The District Court of course had no choice but to do the same.

Following this path of analysis, Hill's appeal loses steam. As noted above, Hill did not demonstrate how he would be prejudiced without a default judgment. Indeed, there is no record evidence indicating prejudice to him. *Cf. Gross,* 700 F.2d at 123 (setting aside default judgment where "plaintiff [did] not suggest that 'its ability to pursue the claim has been hindered since the entry of the default judgment,' by loss of evidence or otherwise") (quoting *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 657 (3d Cir.1982)). Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense; the second factor was hence inconclusive. With respect to the third factor, culpable conduct "is conduct that is 'taken willfully or in bad faith.'" *Chamberlain,* 210 F.3d at 164 (quoting *Gross,* 700 F.2d at 124). Hill offered no reason to believe that the defendants acted willfully or in

bad faith, and there is nothing in the record suggesting the defendants were more than negligent. *See Hritz,* 732 F.2d at 1183 (stating that "negligence alone cannot sustain a default judgment"). Thus two of the three *Chamberlain* factors (prejudice and culpable conduct) suggest Hill should not have been granted a default judgment, and one factor (litigable defense) is inconclusive. In this context, we cannot say that the District Court's refusal to enter a default judgment was an abuse of discretion.[4]

## CONCLUSION

For these reasons, we affirm the District Court's refusal to grant Hill a default judgment.

RENDELL, Circuit Judge, Concurring.

RENDELL, Circuit Judge.

Although I concur in the reasoning and result in our opinion based on the facts before us, I write separately to note that there is reason to reconsider our conclusion in *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir.2000), that the three-factor default rule employed here is applicable not only when a motion to set aside a

---

action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits). *Accord Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir.1986)(citing the factors noted in *Moore's Federal Practice* ).

4. The District Court noted as a reason supporting its ruling that Hill did not comply with Middle District Local Rule 7.2, which provides that "[t]he movant and respondent shall serve copies of their respective papers upon the opposing party at the time such papers are filed with the clerk," because he did not file a certificate of service along with his motion for a default judgment. The

Court's application of Local Rule 7.2 conflicts with Federal Rule of Civil Procedure 5(a), which governs when service is required. Rule 5(a) provides in pertinent part that "[n]o service need be made on parties in default for failure to appear." Because Local Rule 7.2 imposes a tougher service requirement than Fed.R.Civ.P. 5(a), the Court should not have relied on it, as district courts cannot apply local rules in a manner inconsistent with federal rules. *See Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review,* 922 F.2d 168, 173 (3d Cir.1990).

At oral argument, Hill's counsel advised us that he thought the District Court's reliance on Local Rule 7.2 was harmless error, and we agree.

default judgment has been filed, but also initially, when a plaintiff seeks the entry of default judgment when the defendant fails to answer. Although we stated in *Chamberlain* that the test applies to both situations, we cited for that proposition our decision in *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984), a case that involved the *setting aside* of a default judgment, a situation clearly distinguishable from a plaintiff's initial request for default judgment under Rule 55(b).

I am concerned that in *Chamberlain* we may have unwittingly imposed an unrealistic and misplaced burden on plaintiffs, and unduly constrained the discretion of district courts. For instance, it makes little sense for a plaintiff to be required to demonstrate that the defendant does not have meritorious defenses when the defendant has failed to respond. As I see it, a defendant moves to set aside the default judgment because it asserts it has meritorious defenses.

Recently, the Court of Appeals for the Eighth Circuit addressed directly whether its version of the three-factor test was applicable when reviewing a district court's initial decision to enter a default judgment. *Forsythe v. Hales,* 255 F.3d 487 (8th Cir. 2001). The court held that it "need not apply" the three-factor test because that standard applies only when reviewing a district court's refusal to set aside a default judgment order, and, in the case before them, the defendants had not in fact moved to set aside the default judgment. *Id.* at 490. Instead, the court concluded, it "must consider only whether the district court abused its discretion in entering default judgment." *Id.*

Similarly, as footnote three of our opinion indicates, there is persuasive authority for the proposition that these decisions should be left wholly within the sound discretion of the district courts, taking into consideration a broad set of factors. This seems an eminently reasonable position; particularly given the variety of facts and circumstances that district courts routinely encounter, I see little reason to constrain their discretion on these matters to the consideration of three specific factors only.

While the plaintiff here has not specifically questioned our precedent in this regard, I, for one, would be in favor of the en banc court's revisiting it. I doubt that there will be many opportunities to address this issue, given the lack of finality in most such situations.