# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1006

_____

United States of America

*Plaintiff - Appellee*

v.

James L. Shandy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 5, 2016
Filed: October 5, 2016
[Unpublished]

_____

Before COLLOTON, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Taxpayer James Shandy appeals after the District Court[1] entered default judgment against him as a sanction for discovery abuses in this civil action brought by the government to reduce to judgment tax liability assessments and civil penalties.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

We conclude that the District Court did not abuse its discretion in sanctioning Shandy for his failure to follow the court's orders and participate in discovery. See Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1105 (8th Cir. 2004) (reviewing for abuse of discretion a district court's "'decision to impose a sanction, the nature of the sanction imposed, and the factual basis for the court's decision'" (citation to quoted case omitted)); see also Fed. R. Civ. P. 37(d)(1)(A)(ii) (stating that the court may order sanctions if "a party, after being properly served with interrogatories . . . , fails to serve its answers, objections, or written response"), 37(b)(2)(A)(vi) (noting that an order "rendering a default judgment against the disobedient party" is included among "just orders" that may issue for not obeying a discovery order). The record supports the court's finding that Shandy's actions were willful. See Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001) (holding that default judgment was appropriate when "defendants' conduct include[d] a complete failure to engage in discovery").

As to the government's motion for sanctions, we may award "just damages" and single or double costs if we determine that an appeal is frivolous. See 28 U.S.C. § 1912; Fed. R. App. P. 38. In this case, we conclude that sanctions are appropriate. See United States v. Gerads, 999 F.2d 1255, 1256–57 (8th Cir. 1993) (per curiam), cert. denied, 510 U.S. 1193 (1994).

Accordingly, we affirm the judgment of the District Court and grant the government's motion for sanctions in the amount of $8000.00.

_____