DAVID T. SCHULTZ, United States Magistrate Judge
The above matter came before the undersigned on June 15, 2018 upon Plaintiffs' Motion to Disqualify Skolnick & Joyce, PA [Civil 15-2743, Docket No. 380; Civil 15-2744, *981 Docket No. 415] and Andrew Bardwell, Esq. and Skolnick & Joyce, PA's oral Motion to Withdraw as Counsel Without Substitution. There was no opposition to either motion.
Adrianna Shannon, Esq. and Bonnie Smith, Esq. appeared on behalf of Plaintiffs; Andrew Bardwell, Esq. appeared on behalf himself and the Skolnick & Joyce, PA Firm.
The Court, being duly advised in the premises, and for the reasons stated on the record, now makes and enters the following Order.
IT IS HEREBY ORDERED:
1. Plaintiffs' Motion to Disqualify Skolnick & Joyce, PA [Civil 15-2743, Docket No. 380; Civil 15-2744, Docket No. 415] is GRANTED;
2. Andrew Bardwell, Esq. and Skolnick & Joyce, PA's oral Motion to Withdraw as Counsel Without Substitution is GRANTED.
3. On or before June 25, 2018, Andrew Bardwell, Esq. and Skolnick & Joyce, P.A. must return their entire original files on this matter to Defendant Dan Sachs. Counsel may retain a copy of their file, if desired.
4. All future communications with Defendants shall be at:
Dan Sachs2251 Las Palmas DriveCarlsbad, CA 82011Cell: 312-415-7010Emails: dan@livefamous.com and dan@incven.com
DSC Products, Inc.c/o Dan Sachs2251 Las Palmas DriveCarlsbad, CA 82011Cell: 312-415-7010Emails: dan@livefamous.com and dan@incven.com
5. It is Defendants' obligation to keep the Court and opposing counsel apprised of any change of contact information, including mailing addresses, telephone numbers and email addresses.
6. Defendants DSC Products, Inc. and DSC Products Holding, LLC are reminded that a corporation may not proceed pro se in this district. See Ackra Direct Marketing Corp. v. Fingerhut Corp. , 86 F.3d 852, 857 (8th Cir. 1996). Failure of Defendants DSC Products, Inc. and DSC Holding, LLC to obtain substitute counsel may result in a judgment against them.
7. Defendant Dan Sachs, as a pro se party, may register to use the Court's Electronic Court Filing System ("ECF"). A copy of the Revised Local Rules regarding ECF may be obtained from the Clerk of Court's Office. If Dan Sachs does not register to use the Court's Electronic Court Filing System, his documents will then be scanned and uploaded to ECF by the Clerk of Court's office staff.
8. As Defendant Dan Sachs is presently representing himself, he is reminded of the need to obtain and review a copy of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Minnesota. Defendant is also directed to the District of Minnesota's webpage: Representing Yourself (Pro Se) on its website. This webpage contains a collection of resources designed to be of assistance to pro se filers. Resources include a Pro Se Civil Guidebook, glossary and answers to common pro se questions.
9. There shall be no ex parte communications by any party or counsel with the Judge. Therefore, any person seeking to communicate with the Judge in writing must copy the opposing party or counsel with any written communication to the Judge, and all oral communications with *982 the Judge must include the opposing counsel or party.
MEMORANDUM
Plaintiffs' counsel has moved to disqualify Defendants' counsel, Skolnick & Joyce PA, from continuing to represent Defendants, and Defendants' counsel has moved to withdraw from that representation. Both moving parties claim that Skolnick & Joyce cannot continue representation, because to do so will inevitably put them - and has put them - in a conflict between their ethical obligations to their client and their ethical obligations to both the Court and opposing counsel. The factual bases for the motions are identical, and in this case, the legal standard governing their resolution is largely the same. Compare Minn. R. Prof. Conduct 1.16(a) with Gifford v. Target Corp. , 723 F.Supp.2d 1110, 1116 (D. Minn. 2010).
ANALYSIS
Local Rule 83.7(c) provides that an attorney who seeks to withdraw from representation without substitution must do so by motion upon a showing of good cause. L.R. 83.7(c). In addition, Local Rule 83.6(a), adopts the Minnesota Rules of Professional Conduct. Rule 1.16(a) of the Minnesota Rules of Professional Conduct mandates that a lawyer "shall withdraw from the representation of a client if: (1) the representation will result in a violation of the Rules of Professional Conduct or other law." Minnesota Rule of Professional Conduct 1.16(a) ; In Re Petition for Distribution of Attorneys' Fees Between Stowman Law Firm, P.A. , 870 N.W.2d 755, 761 (Minn. 2015) ("The Rules of Professional Responsibility require attorneys to withdraw in certain circumstances. For example, an attorney must withdraw when continued representation will result in violation of the Rules of Professional Conduct or other law or the attorney's ability to represent the client is 'materially impair[ed],' " quoting Minn. Rule Prof. Conduct 1.16(a)(1)-(2) ).
Thus, under Local Rule 83.7"good cause" exists for withdrawal without substitution when counsel cannot adequately represent a client without violating the Rules of Professional Conduct. Crossroads Residents Organized For Stable and Secure ResiDencies (CROSSRDS) v. MSP Crossroads Apartments LLC , No. CV 16-233 (ADM/KMM), 2017 WL 978977, at *3 (D. Minn. Mar. 13, 2017).
Minnesota Rules of Professional Conduct impose ethical obligations on attorneys that run not only to their client, but also to the Court and opposing counsel. Specifically, Rule 1.6 forbids a lawyer from "knowingly reveal[ing] information relating to the representation of a client." Minn. Rule Prof. Conduct 1.6(a). Simultaneously, Rule 3.3 of the Minnesota Rules of Professional Conduct imposes on all lawyers a duty of candor to the Court. In addition, Rule 3.4 imposes an obligation of openness and fairness to the opposing party and counsel. Minn. Rule Prof. Conduct 3.4.
When an attorney's continued representation of a client will bring his/her concurrent obligations under Rule 1.6 and Rule 3.3 into conflict, the attorney is ethically required to withdraw from the representation. State v. Krause , 817 N.W.2d 136, 146 (Minn. 2012). The same presumably is true with respect to a conflict between Rules 1.6 and 3.4 of the Rules of Professional Conduct.
In addition, Rule 1.16(b)(6)permits withdrawal when continued representation of the client has been rendered unreasonably difficult by that client. Njema v. Wells Fargo Bank NA , No. CV 13-519 (PJS/JSM), 2015 WL 12977504, at *3 (D. Minn. Oct. 9, 2015). Similarly, Rule 1.16(b)(4)permits a lawyer to withdraw *983 when the client insists on taking actions the lawyer considers repugnant. While Rule 1.16(b)(4) and (6) may not mandate withdrawal, they may nonetheless constitute good cause for permitting withdrawal under L.R. 83.7.
The record clearly and convincingly establishes that:
1. On June 29, 2017, and again on July 14, 2017, this Court ordered that the Defendants produce various documents, including but not limited to emails, which had never been previously produced, and certain specified financial documents.
2. In or around July 2017, Defendants produced those emails and some financial records for direct review by Plaintiffs' counsel. That production was done with the knowledge and upon the advice of Defendants' then-counsel Dan Rosen.
3. Plaintiffs' counsel, Adrianna Shannon, reviewed those documents and segregated approximately 20,000 emails into what she labelled a production folder. Ms. Shannon determined that, in her view, those documents were relevant to the claims and defenses of the parties, including among other things the disposition of the assets of Three Two Eight LLC, which is at the heart of this litigation.
4. Those emails and other documents included, without limitation, the following:
a. Email addresses and associated emails relating to an organization known as Frachs, LLC.
b. Emails with an individual named Jeran Frasier regarding ongoing business ventures funded partially or wholly with funds from Three Two Eight LLC.
c. Emails regarding ongoing business ventures funded partially or wholly with funds from Three Two Eight LLC.
d. Larry Sachs' (Defendant Dan Sachs' father) articles of incorporation for a business in Florida called American Tumbler.
e. Email correspondence from Dan Sachs to his father Larry Sachs detailing the contempt proceedings and stating that the only asset he has is a commercial real estate building worth $ 600,000.
f. Correspondence to third parties about obtaining the $ 572,000 that Dan Sachs was court-ordered to pay and did pay last year under threat of incarceration due to his then-ongoing contempt of court.
g. DSC Products' tax records for the last several years.
h. Correspondence with an accountant in Florida and with a bookkeeper discussing the accountant's frustration with Dan Sachs' practice of continually moving money between businesses and starting new businesses in an effort to hide money.
i. Discussions with Dan Sachs and Celestina Sachs, whom the Court understands to be his ex-wife, regarding assets, funds and trust money in the context of the couple's divorce proceedings.
5. Access to those documents was withdrawn unilaterally by Dan Sachs in August 2017. On August 14, 2017, Dan Sachs sent an email to Ms. Shannon explicitly withdrawing access to those documents.
6. On December 27, 2017, the Court found Dan Sachs in contempt of court for failing to produce the documents that were originally offered and reviewed by Ms. Shannon in or around July 2017.
7. On January 17, 2018, the Court again ordered production of those documents. The Court's Orders referenced above were unambiguous that the production was to include the documents described *984 above and that were described in Ms. Shannon's declaration supporting Plaintiffs' Motion to Disqualify Skolnick &aJoyce, PA, Defendants' law firm, and Plaintiffs' Motion for Emergency Injunctive Relief. See Docket No. 386 in Case No. 15-cv-2743; Docket No. 420 in Case No. 15-cv-2744.
8. On March 9, 2018, the law firm of Skolnick & Joyce produced documents in response to the Court's Orders. This production did not include many of the emails and documents identified by Plaintiffs, including those listed in paragraph 4 above.
9. The law firm was not given direct access to Defendants' documents in order to review the completeness of that production.
10. The law firm was informed by Dan Sachs that the production included all existing documents and that no other responsive documents existed.
11. The documents originally produced, while they were in Dan Sachs' sole possession and control, were either destroyed in direct violation of the Court's Order, or Mr. Sachs is deliberately withholding those documents from his counsel and from the Plaintiffs in direct violation of the Court's Order.
There is ample good cause to grant Plaintiffs' Motion to Disqualify Skolnick & Joyce, PA [Civil 15-2743, Docket No. 380; Civil 15-2744, Docket No. 415] and Andrew Bardwell, Esq. and Skolnick & Joyce, PA's oral Motion to Withdraw as Counsel Without Substitution.